Eric J. Hardeman (State Bar No. 253489)
ejhardeman@jonesday.com
JONES DAY
3161 Michelson Dr., Ste 800
Irvine, CA  92612
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorney for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MARIE AGUILAR-DAVIS<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC<br><br>Defendants. | Case No.: 11-cv-00461 JVS (JCx)<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S ANSWER TO THE COMPLAINT** |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Cynthia Marie Aguilar-Davis' ("Plaintiff") Complaint as follows:

### I. RESPONSE TO PRELIMINARY STATEMENT

1. In response to the Preliminary Statement of the Complaint, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit

IRI-19162v1

Reporting Act ("FCRA"). Experian further admits that the Complaint seeks damages, fees and costs from Experian. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages, fees and/or costs.

## II. RESPONSE TO ALLEGATIONS OF JURISDICTION AND VENUE

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. §§ 1681 *et seq.*, and 28 U.S.C. § 1331. Experian states that these are legal conclusions which are not subject to denial or admission.

3. In response to paragraph 3 of the Complaint, Experian states that Plaintiff has alleged that venue in this district is proper. Experian states that this is a legal conclusion, which is not subject to admission or denial.

## III. RESPONSE TO ALLEGATIONS REGARDING PARTIES

4. In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that it is qualified to do business and conducts business in the State of California. Experian further admits that its corporate headquarters are located in Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 6 of the Complaint.

## IV. **RESPONSES TO FACTUAL ALLEGATIONS**

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, including subparts (a)-(c), Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally

and specifically, each and every allegation of paragraph 13 of the Complaint, including subparts (a)-(c).

14.   In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation of paragraph 14 of the Complaint.

15.   In response to paragraph 15 of the Complaint, Experian states that the allegations contained therein are legal conclusions, which are not subject to denial or admission.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 15 of the Complaint that relates to Experian.  As to the allegations in paragraph 15 of the Complaint referring to Defendant Equifax Information Services, LLC ("Equifax"), Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

V.   **RESPONSES TO PLAINTIFF'S CLAIMS**

**RESPONSE TO FIRST CLAIM FOR RELIEF (FCRA)**

16.   In response to paragraph 16 of the Complaint, Experian incorporates its responses to paragraphs 1-15 above as though set forth fully herein.

17.   In response to paragraph 17 of the Complaint, Experian admits that it is a "person" and "consumer reporting agenc[y]" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681a(f), respectively.  As to the allegations in paragraph 17 of the Complaint referring to Defendant Equifax, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

18.   In response to paragraph 18 of the Complaint, Experian admits that

15 U.S.C. § 1681a(c) defines a "consumer" as "an individual." Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 (a)-(c) of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required. To the extent that a response is required, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 20 of the Complaint referring to Defendant Equifax, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required. To the extent that a response is required, Experian denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 21 of the Complaint referring to Defendant Equifax, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21 of the Complaint.

## RESPONSE TO JURY TRIAL DEMAND

22. In response to paragraph 22 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

23. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

## (IMMUNITY)

24. All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

25. All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

26. Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

27. Plaintiff has failed to mitigate Plaintiff's damages.

## SIXTH AFFIRMATIVE DEFENSE
## (LACHES)

28. The Complaint and each claim for relief therein is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

29. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

30. Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

31. Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
## (CLAIM PRECLUSION)

32. On information and belief, all of Plaintiff's claims against Experian are barred by the doctrine of claim preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE
## (ISSUE PRECLUSION)

33. On information and belief, all of Plaintiff's claims against Experian are barred by the doctrine of issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

34.  The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (INTERVENING CAUSE)

35.  Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

36.  Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief that this Court may deem necessary and proper.

| | |
|---|---|
| 1  Dated:  April 13, 2011 | Respectfully submitted, |

/s/ Eric J. Hardeman
Eric J. Hardeman
JONES DAY
3161 Michelson Dr., Ste 800
Irvine, CA  92614-5976
Telephone:  (949) 859-3939
Facsimile:   (949) 553-7539

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

# **CERTIFICATE OF SERVICE**

I, Eric J. Hardeman, declare I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On **April 13, 2011**, I served, by electronic transmission, a copy of:

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.'S ANSWER TO THE COMPLAINT**

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Stephanie R. Tatar  *Attorneys for Plaintiff*
Stephanie@thetatarlawfirm.com
Tatar Law Firm, APC
3500 W. Olive Avenue, Ste 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

Executed on **April 13, 2011**, at Irvine, California.

> */s/ Eric J. Hardeman*
> Eric J. Hardeman

IRI-19162v1

10